The People of the State of Illinois, Appellee, v. Leon Simon and Louis Asher, on Appeal of Louis Asher, Appellant.

## Gen. No. 31,492.

1. CRIMINAL PROCEDURE—*record as not impeachable by a judge's recollections.* The record in a criminal case containing amplified orders therein may not be varied, impeached or explained by the recollection of judges as to what actually took place in the case.

2. BAIL—*collateral attack on order vacating bail bond forfeiture.* An order vacating a bail bond forfeiture cannot be collaterally attacked.

3. BAIL—*how sureties may be released from a bail bond forfeiture.* Under Cahill's St. ch. 38, ¶ 643, providing for exoneration of sureties on surrender of their principal, unless prevented by an act of God as mentioned in paragraph 651, the sureties must surrender their principal before default on the bond or recognizance to be exonerated or have the forfeiture set aside as provided in paragraph 649.

4. BAIL—*discharge of defendant as not exonerating his bail.* If bail was not expressly discharged or exoneration sought, the mere fact that the defendant in a criminal case surrendered himself for trial and was discharged does not operate to exonerate the bail from liability under a previous forfeiture.

5. BAIL—*when order setting aside bail bond forfeiture does not release sureties.* An order, which has been vacated by an order not void on its face and never reviewed and not reviewable in an action on a bail bond, setting aside a forfeiture of the bond, has no effect on the sureties' liability.

Appeal by defendant from the Municipal Court of Chicago; the Hon. JAMES J. O'TOOLE, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1926. Affirmed. Opinion filed June 7, 1927.

JOHN J. MCMAHON, for appellant; L. M. FINE, of counsel.

ROBERT E. CROWE, State's Attorney, for appellee; HENRY T. CHACE, JR., WILLIAM B. WALRATH and FRANK PESKA, Assistant State's Attorneys, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

This is an action of debt brought on a recognizance entered into on April 21, 1925, by defendants, in the sum of $2,500, conditioned for the appearance of Leon Simon to answer a criminal charge brought in the municipal court of Chicago. The case was heard before the court without a jury, resulting in a judgment for $2,500, against Louis Asher, surety on the bond, from which he appeals.

In defense he denies that there was a forfeiture in the case, but alleges that a forfeiture previously en-

tered was vacated on January 7, 1926, and that the cause was then dismissed for want of prosecution, and defendant Simon discharged.

Plaintiff introduced the bond and the "half sheet" showing the proceedings in the criminal case, and defendant introduced the record of the case as shown by the amplified orders. In rebuttal plaintiff called the two judges who had entered such orders, to give their recollection concerning the same. Such evidence was inadmissible to vary, impeach or explain the record. Disregarding the same, as it may be assumed was done by the trial court, the merits of the case rest upon the effect of the orders as recited in their amplified form.

From them it appears that on April 22, 1925, the complaint against Simon came on for hearing and was postponed to the next day on his motion, when the recognizance in question was forfeited in default of his appearance or that of his surety; that a motion of defendant Simon made May 6, to vacate the forfeiture, was continued until June 2, when, neither he nor his surety appearing in court, the recognizance was again forfeited and a *scire facias* ordered. The record then discloses that on August 12, defendant Simon appeared and moved that the default and forfeiture entered April 23 be set aside. The motion was continued until September 1, and again on that date to November 18, 1925, when for some reason not disclosed by the record, the court set aside the orders of August 12 and September 1, and Simon and his surety not appearing the recognizance was again declared forfeited and a writ of *scire facias* again ordered. This suit was begun December 7, 1925. Afterwards, as shown by the record, to wit, on January 7, 1926, before another judge, defendant Simon appeared and moved to vacate the forfeiture of November 18, 1925. The order of that date recites that the motion was sustained, and the cause coming on for trial it was dismissed for want

of prosecution, and defendant Simon discharged.   The record then discloses that on February 3, 1926, the order of January 7, vacating the bond and dismissing the cause and discharging the defendant, was vacated and set aside.

This action is predicated upon the forfeiture entered April 23, 1925.   The forfeitures of June 2 and November 18 were entirely superfluous.   That of April 23 was still in force.   The motion to vacate it was never passed upon, unless by the order of January 7.   While there was an intimation in the incompetent testimony of the judge who entered the last two orders that no such order in fact was directed on January 7, and no such proceedings had, yet we must assume that the order speaks the truth.   It cannot be attacked collaterally.   It was vacated, however, within the period of the court's jurisdiction of the case, on what grounds does not appear, and could not be inquired into in this proceeding.   The real question is what was the legal effect of these last two orders on the liability of the surety under the forfeiture.

The order of January 7 does not purport to have been made on a motion to exonerate or discharge the surety on the bond.   Section 11, Div. III of the Criminal Code, Cahill's St. ch. 38, ¶ 643, provides that "sureties or any of them may, at any time before default upon the bond or recognizance, surrender the principal in their exoneration."   Construing this section the Supreme Court in *Hangsleben v. People,* 89 Ill. 164, 170, held that under the statute as it now exists, except where the surrender is prevented by the act of God (as provided for in section 19, Div. III, Cahill's St. ch. 38, ¶ 651), the sureties must make the surrender before "default upon the bond or recognizance," or else procure the forfeiture to be set aside as provided for in section 17, Div. III, Cahill's St. ch. 38, ¶ 649.   It does not appear from the record that exoneration was sought under any one of these sections

or that the bail was expressly discharged. Whatever effect the order of January 7 had upon the status of the criminal case the mere fact that the defendant therein apparently surrendered himself for trial and was discharged did not operate to exonerate the bail from liability under a previous forfeiture. If the surety was discharged from the recognizance it was by reason of setting aside the forfeiture of November 18. Whether or not the order of January 7, which sets aside the latter forfeiture, could be construed as setting aside the forfeiture of April 23, need not be considered, for said order of January 7 was vacated by an order not void upon its face that does not appear to have been reviewed and is not subject to review in this proceeding. We must hold, therefore, that the order of January 7 constituted no defense to this action on the recognizance.

*Affirmed.*

GRIDLEY, P. J., and FITCH, J., concur.